
Proskauer Rose LLP  Three First National Plaza  70 West Madison, Suite 3800  Chicago, IL 60602-4342

November 8, 2023

Steven J. Pearlman
Member of the Firm
d +1.312.962.3545
f 312.962.3551
spearlman@proskauer.com
www.proskauer.com

The Honorable Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

**Re: *Stinson v. Morningstar Credit Ratings, LLC,* No. 1:22-cv-06164-JLR**

Dear Judge Rochon:

We represent Defendant Morningstar Credit Ratings, LLC's ("Morningstar") in the above-referenced lawsuit. We write to respectfully request that the Court seal and/or redact certain portions of the record in connection with Morningstar's Motion for Summary Judgment. Morningstar moves to redact two categories of information attached to or referenced in its Motion: (i) confidential information related to nonparties; and (ii) confidential business information relating to Morningstar's clients. The parties have met and conferred concerning these issues via email, and Plaintiff consents to these redactions.

In determining whether certain materials should be allowed to be filed under seal, courts recognize that there are "countervailing" factors that may overcome the presumption of judicial access. *See Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). "The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *D.J.C.V. v. United States*, No. 20-cv-5747, 2023 WL 3775283, at *1 (S.D.N.Y. June 2, 2023) (citing *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007).

The Court must first determine whether the documents at issue are "judicial documents." *Id*. Second, the Court must determine the "'weight of the presumption' of public access." *Id*. Third, the Court must balance "countervailing interests against the presumption." *Id*. A party may overcome the presumption of access by demonstrating that sealing will further other substantial interests, including "a third party's personal privacy interests." *PharmacyChecker.com LLC v. Nat'l Ass'n of Boards of Pharmacy*, No. 19-cv-7577, 2022 WL 4956050, at *1 (S.D.N.Y. Aug. 26, 2022) (granting sealing where the documents and information at issue were "confidential operational and marketing information, non-public financial and pricing information, and confidential information involving [] customers ... the disclosure of which would place [movant] at a competitive disadvantage and/ or invade the privacy rights and interests of non-parties to this action.").

**Proskauer»**

Judge Jennifer Rochon
November 8, 2023
Page 2

Morningstar seeks limited redactions on documents submitted in connection with its Motion for Summary Judgment, which implicate privacy interests of non-parties as well as its confidential business information. Those documents are Morningstar's 56.1 Statement, Exhibits 1, 3, 5, 7, 8, 9, 11, 13, 15, 16, 19, 21, 24, 25, 28, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, and 42 to the Declaration of Rachel S. Fischer, Esq. ("Fischer Declaration"), the Declaration of Karen Hogue, and Exhibits 3, 5, 7, and 12 to the Declaration of Karen Hogue.

### *Non-Party Employees' Performance Evaluations*

Morningstar's 56.1 Statement, the Declaration of Karen Hogue, and Exhibit 3 to the Fischer Declaration identify confidential performance information related to nonparties. Morningstar is seeking to make certain redactions in order to maintain the confidentiality of individual employees and the performance management process. The identities of these nonparty employees are immaterial to the adjudication of this motion. MCR therefore seeks to redact the employee names in Morningstar's 56.1 Statement, the Declaration of Karen Hogue, and Exhibit 3 to the Fischer Declaration and anonymize the names using an assigned number (e.g., Employee 1, Employee 2, Employee 3, etc.). In addition, in one instance, Morningstar has proposed redacting health-related information concerning a third party. (Fischer Decl. Ex. 21.)

Redaction is necessary to protect the privacy interests of these nonparties. *See Mirlis*, 952 F.3d 61 (2d Cir. 2020) ("the privacy interests of innocent third parties should weigh heavily in a court's balancing equation") (internal citations omitted). In its summary judgment papers, Morningstar has made reference to employees other than Ms. Stinson who were underperforming in the timeframe relevant to Ms. Stinson's claims. While performance-related information concerning these third parties is relevant to Morningstar's summary judgment motion, the *names* of the individual employees are not. Their names should therefore not be disclosed in the public record in order to protect their privacy.

Courts have permitted redaction in these circumstances. *See Hernandez v. Off. of Comm'r of Baseball*, No. 18-cv-9035 (JPO), 2021 WL 1226499, at *12-*13 (S.D.N.Y. Mar. 31, 2021) (the balance of considerations weighs in favor of sealing employee evaluations because the third parties have a privacy interest in subject matter that is "traditionally considered private"); *Statoil (Nigeria) Ltd. v. Nigerian Nat'l Petroleum Corp.*, No. 18-cv-2392, 2020 WL 3170566, at *2 (S.D.N.Y. June 15, 2020) (granting sealing of exhibits "contain[ing] a frank [negative] appraisal of the performance of" th[e] contractor ... which "would likely cause [it] embarrassment"); *Oliver Wyman, Inc. v. Edelson*, 282 F. Supp. 3d 684, 707 (S.D.N.Y. 2017) ("the Court also agrees that the allegations in the exhibits detailing internal employee evaluations would likely cause embarrassment to third parties and that the third parties' privacy interests outweigh the public's interest in disclosure.").

### *Morningstar's Private Business Information*

Morningstar also moves to redact limited references to its confidential business information that is not within the public domain and could be damaging to Morningstar if disclosed.

**Proskauer**

Judge Jennifer Rochon
November 8, 2023
Page 3

      A business's confidential and proprietary business information can overcome the presumption of judicial access. *See W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, No. 21-cv-11003, 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022) ("courts will seal 'business information that might harm a litigant's competitive standing in the market.'").

      Here, Morningstar moves to redact information regarding: its clients and details of specific business engagements and transactions. None of this highly sensitive and proprietary information has been publicly disseminated, and the names of Morningstar's clients and the specifics of its deals are not germane to Morningstar's summary judgment motion. Courts permit sealing in these circumstances. *See W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, No. 21-cv-11003, 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022) (granting motion to seal confidential documents and information regarding pricing, purchase and market strategies, among others); *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20-cv-10832, 2022 WL 17751466, at *3 (S.D.N.Y. Dec. 19, 2022) (granting redaction of confidential business information because "disclosure of [movant's] non-public audited financial statements and financial information in its contracts 'would be highly detrimental to [movant's] business'"); *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (granting motion to seal documents containing, among other things, emails revealing confidential business decisions); *Alexander Interactive, Inc. v. Adorama, Inc.*, 2014 WL 4346174 at *2 (S.D.N.Y. Sept. 2, 2014) (granting motion to seal documents containing non-public information regarding the business relationship between the non-party entity and the defendant, because the "non-public information … could adversely affect [the non-party's] relationships with other dealer- customers, as well as [the defendant's] relationship with other suppliers"); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F.Supp.3d 152, 156 (S.D.N.Y. 2015) (materials containing innocent third-parties' "information concerning their trading strategies, objectives and transactions" and "pricing information" overcame presumption of public disclosure).

\* \* \*

      For the foregoing reasons, Morningstar respectfully requests that the Court grant its motion for the materials listed in the attached Exhibits to be filed under seal.

Respectfully submitted,

*/s/ Steven J. Pearlman*
Steven Pearlman
Rachel S. Fischer
PROSKAUER ROSE LLP
*Counsel for Defendant*

Defendant's Letter Motion to redact certain portions of the record in connection with its Motion for Summary Judgment is GRANTED. The Court has reviewed unredacted copies of the exhibits with the proposed redactions and finds that the privacy interests of non-party employees outweighs the presumption of public access to their identities in these documents. *See, e.g.*, *PharmacyChecker.com LLC v. Nat'l Ass'n of Bds. of Pharmacy*, No. 19-cv-07577 (KMK), 2022 WL 4956050, at *1 (S.D.N.Y. Aug. 26, 2022) (granting sealing where the documents and information at issue included "confidential information involving . . . customers . . . the disclosure of which would . . . invade the privacy rights and interests of non-parties to this action"). The Court also finds that Defendant's interest in maintaining the secrecy of its confidential business information outweighs the presumption of public access. *See, e.g.*, *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (finding that the defendants' privacy interests in their marketing strategies, product development, costs, and budgeting outweighed the presumption of public access). The Court notes that Defendant has filed unredacted copies via ECF, restricted to "Selected Parties," and orders those documents to retain their restricted Viewing Level. *See* ECF Nos. 46-48.

Dated:   November 9, 2023
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
**United States District Judge**